# In the United States District Court
# For the Western District of Michigan

|  |  |
|---|---|
| SCOTTSDALE CAPITAL ADVISORS CORPORATION, | SOUTHERN DIVISION |
| Plaintiff, | Civil No. |
|  | HON. |
| v. |  |
|  | Kalamazoo Civil No.: 18-0153-CZ |
| MORNINGLIGHTMOUNTAIN, LLC, MICHAEL GOODE, and DOES 1-10, | HON. ALEXANDER C. LIPSEY |
|  | **NOTICE OF REMOVAL** |
| Defendants. |  |

FILED
MAY 11 2018
9TH CIRCUIT COURT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN

Defendants MorningLightMountain, LLC ("MLM"), and Michael Goode remove this action from the Kalamazoo County Circuit Court to the United States District Court for the Western District of Michigan. In support of Removal, Defendants state as follows:

1.     **Timely Removal.** Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within 30 days after a defendant receives a copy of the initial pleading. This Notice is timely for the following reasons:

    a.     On April 16, 2018, Plaintiff Scottsdale Capital Advisors Corp. ("Scottsdale") filed its original Complaint.[1] Scottsdale never served Defendants with this Complaint.

    b.     On April 20, 2018, Scottsdale filed its First Amended Complaint.[2]

---

[1]    Exhibit 1, Summons & Original Compl.

[2]    Exhibit 2, First Am. Compl.

c.    On April 23, 2018, in lieu of requiring Plaintiff to personally serve Defendants, counsel for Defendants accepted service of Scottsdale's First Amended Complaint.

d.    On May 11, 2018, Defendants filed this Notice of Removal, 18 days after receiving a copy of the First Amended Complaint.

2.    **Diversity Jurisdiction.**  Removal is based on diversity of citizenship.  The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse and the action meets the amount-in-controversy threshold:

a.    Scottsdale is an Arizona corporation with its principal place of business in Maricopa County, Arizona, making it a citizen of Arizona for diversity purposes.[3]

b.    Mr. Goode is a natural person who is domiciled in Kalamazoo County, Michigan, making him a citizen of Michigan for diversity purposes.[4]  (Although the First Amended Complaint alleges only that Mr. Goode resides in Kalamazoo County, he avers that he was domiciled there at the time Scottsdale filed the original Complaint.)

c.    MLM is a Michigan limited liability company.  Limited liability companies hold the citizenship of each member.[5]  Mr. Goode is the sole member of MLM, which means MLM shares his Michigan citizenship for diversity purposes.

---

[3]    Exhibit 2 at 2, ¶ 4; 28 U. S. C. § 1332(c)(1).

[4]    Exhibit 2 at 2, ¶ 6; *Kaiser* v. *Loomis*, 391 F. 2d 1007, 1009 (CA6 1968).

[5]    *Delay* v. *Rosenthal Collins Group, LLC*, 585 F. 3d 1003, 1005 (CA6 2009).

d.     Fictitious "John Doe" defendants are ignored when assessing diversity.[6]

e.     The First Amended Complaint alleges that the amount in controversy exceeds $25,000, but does not specify that the amount is less than $75,000.01.  In such circumstances, a defendant need only include in its Notice of Removal a plausible, good-faith allegation that the amount in controversy exceeds the jurisdictional threshold.[7]  To satisfy this requirement, Defendants allege that the amount in controversy exceeds the $75,000.00 jurisdictional threshold, excluding interest and costs. Defendants make this allegation in good faith based on the nature of the defamation and false-light claims asserted in the First Amended Complaint and the nature of Scottsdale's business:

(i)     Scottsdale alleges that it is a broker-dealer regulated by the U.S. Securities & Exchange Commission ("SEC") and one of the dominant companies in the microcap securities market, handling more than $125 million worth of trades in just 2015.[8]  By way of background, the SEC characterizes microcap securities—low-priced stocks issued by the smallest of companies—as "among the most risky," suffering from a scarcity of publicly-available information that allows "fraudsters [to] easily spread false information about microcap companies, making

---

[6]   28 U. S. C. § 1441(b)(1).

[7]   28 U. S. C. § 1446(c)(2)(A)–(B).  *See also Dykema* v. *Jo-Ann Stores, LLC,* Civ. No. 16-380; 2016 WL 2752891, *2 (WD Mich. May 12, 2016) (citing *Dart Cherokee Basin Operating Co., LLC* v. *Owens,* —U. S.—; 135 S. Ct. 547, 553 (2014)).

[8]   Exhibit 2 at 3, ¶ 11.

profits while creating losses for unsuspecting investors. Even in the absence of fraud, microcap stocks historically have been more volatile and less liquid than the stock of larger companies."[9]

     (ii)     Scottsdale claims that Defendants defamed it by publishing two articles regarding regulatory enforcement actions by the SEC and the Financial Industry Regulatory Authority ("FINRA") against Scottsdale for abdicating its gatekeeping role to guard against pump-and-dump frauds, sham transactions, and other "red flag" transactions.[10]

     (iii)     Construing the First Amended Complaint in a light most favorable to Scottsdale, Scottsdale alleges that it has lost business (and continues to lose business on an ongoing basis) because of these articles.[11] As a broker-dealer, Scottsdale makes money on effecting trades of its customers, so lost business means lost profits.[12]

     (iv)     Finally, Scottsdale seeks consequential, exemplary, and punitive damages in addition to compensatory damages.[13]

---

[9] U.S. Secs. & Exch. Comm'n, Microcap Stock: A Guide for Investors (Sept. 18, 2013) (available at: https://www.sec.gov/reportspubs/investor-publications/investorpubsmicrocapstockhtm.html).

[10] Exhibit 2 at 3–5, ¶¶ 13–15 and Exhs. 1–2 (April and June Articles). *See also* Exhibit 4, FINRA Am. Extended Hr'g Panel Decision (Jun. 20, 2017).

[11] *Id.* at 5, ¶ 17. Although it claims ongoing damages, the jurisdictional threshold is assessed as of the time that the action is filed. *See Worthams* v. *Atlanta Life Ins. Co.*, 53 F. 2d 994, 997 (CA6 1976).

[12] *Compare* Exhibit 2 at 3, ¶ 11 ($125 million in trades in 2015) *with* Exhibit 5, Scottsdale Schedule of Commission and Fees, App'x A (Jan. 9, 2017) (detailing commissions and fees charged for opening accounts, trading fees, moving funds, and administrative services).

[13] Exhibit 2 at 7, Prayer for Relief ¶ A.



Such damages, when claimed, are properly considered for jurisdictional purposes.[14]

> (v)     Defendants therefore respectfully submit that Scottsdale plausibly seeks more than $75,000.00 in damages.

3.     **Proper Venue.** The proper venue for a removed action is the district court for the district and division embracing the place where the State action is pending.[15] The Kalamazoo Circuit Court is located in the Southern Division of this Court.[16]

4.     **Notice Provided.** A defendant must give written notice of removal to all adverse parties.[17] On May 11, 2018, Defendants served a copy of this Notice on Scottsdale.[18]

5.     **State Court Notified.** A defendant must also file the notice of removal with the clerk of the State court where the action was commenced.[19] On May 11, 2018, Defendants filed a copy of this Notice with the clerk of the Kalamazoo County Circuit Court.

---

[14]   *Klepper* v. *First Am. Bank*, 916 F. 2d 337, 341 (CA6 1990).

[15]   28 U. S. C. § 1441(a)

[16]   *Compare* M. C. L. § 600.510 (defining the circuit court's geographic reach to be coterminous with the geographic boundary of Kalamazoo County) *with* W.D. Mich. L. Civ. R. 3.2(a) (requiring that removed actions be assigned to the division embracing the county in which the case was pending in State court and defining the Southern Division to include Kalamazoo County).

[17]   28 U. S. C. § 1446(d).

[18]   Exhibit 6, Proof of Service of Notice of Removal (May 11, 2018).

[19]   28 U. S. C. § 1446(d).

6.      **Pleadings Filed with this Court.** With his notice of removal, a defendant must file a copy of all process, pleadings, and orders served upon them in the State action.[20] Although Scottsdale only provided Defendants with a copy of the First Amended Complaint, as a courtesy to the Court, Defendants have procured, and file with this Notice, copies of the Summonses, original Complaint, the First Amended Complaint, and the Register of Actions.[21]

7.      **Rule 11 Verification.** Under 28 U. S. C. § 1446(a), this Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

8.      **Request for Remand Hearing and Jurisdictional Discovery.** If Scottsdale or the Court question the existence of diversity jurisdiction as it relates to the amount in controversy, Defendants respectfully request jurisdictional discovery and a remand hearing at which they can present evidence in support of the existence of jurisdiction. Jurisdictional discovery is appropriate when a party questions the factual basis for jurisdiction.[22]

//

//

//

//

---

[20]   28 U. S. C. § 1446(a).

[21]   Exhibits 1-2 and Exhibit 3, State Court Register of Actions.

[22]   *Cf. Chrysler Corp.* v. *Fedders Corp.*, 643 F. 2d 1229, 1240 (CA6 1981) (holding that "discovery may be appropriate when a defendant moves to dismiss for lack of jurisdiction," a situation analogous to a motion to remand).

WHEREFORE, the Court has subject-matter jurisdiction over this action under 28 U. S. C. § 1332(a)(1), and this action is removed to this Court under 28 U. S. C. § 1441(a).

Respectfully submitted,

**BUTZEL LONG**

Dated:  May 11, 2018

JOSEPH E. RICHOTTE (P70902)
DOAA K. AL-HOWAISHY (P82089)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
(248) 258-1616
richotte@butzel.com
al-howaishy@butzel.com
*Counsel for MLM and Michael Goode*

BUTZEL LONG

7